## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONALD T. HOUSER, 09435-067 : | |
| Petitioner : | |
| v. : | Civil No. PJM-06-1909 |
| UNITED STATES OF AMERICA, et al. : | |
| Respondents : | |

### MEMORANDUM

Before the court is a pro se 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Donald T. Houser, a federal prisoner incarcerated at FCI-Cumberland, Maryland seeking to vacate his conviction in the United States District Court for the Middle District of Pennsylvania for possession with intent to distribute cocaine and cocaine base.[1] The Petition is properly construed under 28 U.S.C. § 2255, and it will be dismissed without prejudice.[2]

The threshold question presented here is whether these claims are properly raised in a § 2241 petition or are more properly construed under 28 U.S.C. §2255. A Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a). In a § 2241 action, the Petition must be filed in the judicial district court where Petitioner is in custody. *See* 28 U.S.C.

---

[1] *See United States v. Houser*, Criminal Action No. 1:98-391-WWC-1 (M.D. Pa.).

[2] The Court will grant Petitioner leave to proceed in forma pauperis for the limited purpose of preliminary review. Petitioner has neither submitted the civil filing fee nor moved for in forma pauperis status.

§ 2241(a); *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973). By contrast, a §2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*). A §2255 motion must be brought in the court which imposed the sentence. *See* 28 U.S.C. § 2255.

In his pleading, Petitioner alleges that he received ineffective assistance of counsel, his criminal history was incorrectly calculated at sentencing, his sentence was improperly enhanced for obstruction, and his conviction violated his right against double jeopardy. By seeking vacatur on these grounds, Petitioner is clearly challenging the validity of his conviction and sentence, and the Petition is properly construed pursuant to 28 U.S.C. §2255. Regardless of the label used by Petitioner, the subject matter of the motion, and not its title, determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of §2241, there is an exception under the so-called "savings clause" in § 2255.[3] It authorizes a prisoner to seek relief under §2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255. In *Jones,* the United States Court of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first

---

[3] 28 U.S.C. §2255 provides in relevant part:
> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

2

§ 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See Jones* 226 F.3d 333-34. Petitioner does not satisfy the criteria set forth in *Jones* for demonstrating that a § 2255 petition is an inadequate or ineffective remedy.

Further, a § 2255 motion is neither inadequate nor ineffective merely because an individual is unable to obtain relief under that provision.[4] *See Jones*, 226 F.3d at 333; *Vial,* 115 F.3d at 1194 n. 5. A §2241 habeas petition is not available to circumvent the statutory limitations imposed on second or successive §2255 motions. *See id.*

Accordingly, the Court will dismiss the Petition without prejudice. A separate Order consistent with this Memorandum follows.

August 29, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[4] Electronic court records retrieved on the *Pacer* system show Petitioner filed a § 2255 petition in the United States District Court for the Middle District of Pennsylvania which was denied on April 4, 2003.